[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-14221

Non-Argument Calendar

————————————

JERMAINE ALFONSO HARMON,

Plaintiff-Appellant,

*versus*

FLETCHER SAMS,
Chief Superior Court Judge, in individual capacity and
official capacity,
STEPHEN DOUGLASS OTT,
Juvenile Court Judge, in individual capacity and
official capacity,
LLOYD WALKER,
Guardian Ad Litem, in individual capacity and
official capacity,
HOLLY LINE,

Director of Fayette County DFCS, in individual capacity and
official capacity,
JILLIAN MOORE,
Supervisor, in her individual capacity and
official capacity, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:23-cv-00155-TCB

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

This is a 42 U.S.C. § 1983 case brought by Jermain Harmon, a state prisoner proceeding *pro se*. Harmon alleges that various state actors violated his constitutional rights throughout his conviction process and the subsequent placement of his children in foster care. The district court dismissed his complaint for failure to state a claim and improper joinder. Because we cannot grant Harmon's requested relief, we affirm.

## I.     Background

In August 2023, Harmon, proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983.  Harmon alleged that various state actors—Fayette County Superior Court Judge Fletcher Sams, Juvenile Court Judge Steven Douglas Ott, Guardian Ad Litem Lloyd Walker, Director of Fayette County Division of Family and Children Services ("DFCS") Holly Line, DFCS Supervisor Jillian Moore, and Social Worker Charell Nesbitt—violated his constitutional rights throughout his conviction process and the subsequent placement of his children in foster care.

Specifically, Harmon alleges that Judge Sams (1) denied Harmon the right to be heard during his pretrial proceedings; (2) had Harmon "removed from the court without addressing the merits of [Harmon's] consti[tut]ional claims"; (3) ignored his claims "before jury commencement"; (4) attempted to "procure jurisdiction through means of fraud by conducting a[n] on the spot arraignment"; (5) "enter[ed] a fraudulent plea"; (6) illegally empaneled a jury; and (7) "forced him into trial in a court that lacked subject matter jurisdiction." As to the other five defendants—Judge Ott, Guardian Ad Litem Walker, Director Line, Supervisor Moore, and Social Worker Nesbitt—Harmon alleged that they aided and abetted Judge Sams and "authorized, initiated, or enforced the placement of his minor children into" foster care.

Harmon alleges that, because of his "unlawful prosecution and incarceration," his children were "kidnapped and placed in foster care," and Harmon "suffered mental abuse, psychological

abuse, trauma, fear, anxiety, insomnia, decreased appetite, depression, destruction of [his] family and marriage," loss of his income and home, and slander of his character. As to relief, Harmon requested that (1) the state court judgment be voided[1] or vacated with prejudice, (2) further prosecution be barred, and (3) he receive "reimbursements for all legal fees and all [monetary] and punitive damages accrued as a result of this unlawful act[.]"

The magistrate judge issued a Report and Recommendation ("R&R") recommending that (1) Harmon's complaint be dismissed without prejudice for failure to state a claim and improper joinder, and (2) his motion to void his state court judgment be denied. The magistrate judge separated his analysis by defendant—first analyzing the claims against Judge Sams, and then analyzing the claims against the other five defendants.

The magistrate judge stated that Judge Sams was "entitled to absolute immunity from [Harmon's] claim for money damages." Then, citing to *Heck v. Humphrey*,[2] the magistrate judge said that Harmon could not "obtain any relief based on his allegedly unlawful conviction" because his conviction had not been reversed or otherwise questioned. Finally, citing to *Preisser v.*

---

[1] In addition to requesting the state court judgment be voided in his amended complaint, Harmon also filed a separate motion "for an order voiding the judgment entered against him" in the state court case because the court "lacked and continues to lack subject matter jurisdiction over" his case. The district court denied this motion.

[2] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

*Rodriguez*,[3] the magistrate judge said that it could not "declare [Harmon's] state court criminal conviction void because such relief is available only in a federal habeas corpus action."

As to the remaining five defendants, the magistrate judge stated that they could not be joined to the lawsuit because Harmon's claims against them were "not sufficiently related to his challenge to his state court criminal conviction."

The district court adopted the R&R, dismissing Harmon's claims and denying Harmon's motion to void his state court criminal judgment. As to the claims against Judge Sams, the district court held that the *Rooker-Feldman*[4] doctrine prevented the court from voiding Harmon's state court judgment. And the district court held that Judge Sams had absolute immunity from Harmon's claim for money damages. Finally, the district court held that Harmon's request for equitable relief—vacating his criminal conviction and preventing the state from prosecuting him again— was unavailable under § 1983.

The district court also dismissed the claims against the remaining five defendants. It held (1) that those claims failed because it could not find that the state court criminal judgment was defective, (2) that Harmon's claims against these other defendants failed to state viable claims for relief, and (3) that Harmon failed to

---

[3] *Preisser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[4] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

show how his children's placement in foster care violated his rights when both he and his wife were in prison.[5]

Harmon appealed.

## II.    Standard of Review

We review *de novo* a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001). Under 28 U.S.C. § 1915(e)(2)(B), despite any filing fee that may have been paid, the court must dismiss a case at any time if it determines that the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). While *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by lawyers, they must still suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). And we can affirm the district court's judgment "on any basis supported by the record," whether or not the district court decided the case on that basis. *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019).

---

[5] After the magistrate judge filed its R&R, but before the district court's order, Harmon moved for summary judgment. For the reasons discussed in dismissing Harmon's amended complaint, the district court stated that "Harmon ha[d] not established that he [was] entitled to summary judgment" and denied his motion as moot.

### III.    Discussion

On appeal, Harmon argues that exceptions to *Heck* and absolute judicial immunity apply to his case, that he did not seek to circumvent § 1983 by challenging his conviction, and that he did not need to appeal the state court's judgment or seek habeas corpus relief.[6]

Under 42 U.S.C. § 1983, no person acting under color of state law may deprive another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985). A prisoner in state custody, however, cannot use a § 1983 claim to challenge the fact or duration of his confinement, and if the relief he seeks is a determination that he is entitled to immediate release or faster release from prison, then "his sole federal remedy is to seek a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973). Additionally, "a state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74

---

[6] Even liberally construing Harmon's brief, Harmon has abandoned his claims against all defendants except Judge Sams. Harmon only mentions Judge Ott once, and never mentions the other four of defendants by name; nor does he address any of the reasons the district court dismissed his claims against any defendant other than Judge Sams. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir.2004) ("[T]he law is by now settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

(2005) (emphasis omitted) (extending *Heck*, 512 U.S. 477 to cover claims for equitable relief).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2002) (quotation marks omitted). Factors that determine whether actions were made in a judicial capacity include whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction," so long as they were not in the clear absence of all jurisdiction.[7] *Id.*

---

[7] An example illustrates the difference between acting in "clear absence of all jurisdiction," which would defeat absolute immunity, and acting in "excess of jurisdiction," which would not defeat absolute immunity. The Supreme Court has stated:

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Harmon's claims fail because we cannot grant his requested relief. Recall that Harmon requested that (1) the state court judgment be voided or vacated with prejudice, (2) further prosecution be barred, and (3) he receive "reimbursements for all legal fees and all [monetary] and punitive damages accrued as a result of this unlawful act[.]" We discuss each in turn.

First, as to Harmon's request that his state court judgment be voided or vacated, § 1983 is not the proper vehicle for such relief. Instead, when "challenging the very fact" of his imprisonment and requesting "immediate release," Harmon's "sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

Second, Harmon's request to bar further prosecution against him runs into at least two problems. First, Harmon has presented no evidence indicating that he is likely to be prosecuted again, and we do not enjoin future prosecutions in state court based on speculation that such prosecution might occur. *See Younger v. Harris*, 401 U.S. 37, 42 (1971) ("A federal lawsuit to stop a prosecution in a state court is a serious matter. And persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs in such cases."). And second, to obtain such an injunction, Harmon must show, in part, "that he has prevailed in establishing the

---

*Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

violation of the right asserted in his complaint."[8] *Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010). To do so here would require Harmon to prove that his state court conviction was unconstitutional, which "would necessarily demonstrate the invalidity of [his] confinement[.]" And if success on his claim "would necessarily demonstrate the invalidity of [his confinement," his "§ 1983 action is barred." *Wilkinson*, 544 U.S. at 74–75.

Third, Harmon's claim for money damages against Judge Sams is barred by judicial immunity because Harmon's allegations all relate to Judge Sams's actions taken in his judicial capacity. *See Bolin*, 225 F.3d at 1239; *Sibley*, 437 F.3d at 1070. As the district court noted, "[p]residing over a criminal trial is clearly acting in a judicial capacity[.]" And a superior court judge trying a criminal case does not act in "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 n.7 (citing *Bradley*, 80 U.S. at 352).

Because we cannot grant Harmon's requested relief, his claims must be dismissed.

**AFFIRMED.**

---

[8] Harmon would also need to show that "(2) there is no adequate remedy at law for the violation of this right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to the public interest." *Thomas*, 614 F.3d at 1317. We do not discuss these additional elements, because, as discussed, Harmon's need to prove the first element is sufficient to bar his claim.